IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. § <br> d/b/a IOU FINANCIAL, INC., § <br> § <br> Plaintiff, § <br> vs. § CASE NO: 4:20-cv-00676 <br> § <br> QUICK TURN RECON, INC., § <br> GARY ALAN CHARLTON, § <br> ELIZABETH LEGG CHARLTON § <br> § <br> Defendants. § | |

# COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, which is a citizen of both states per 28 U.S.C. §1332.

2. Defendants Gary A. Charlton [Debtor] and Elizabeth L. Charlton are domiciled in and citizens of Texas per § 1332.

3. Defendant Quick Turn [QTR] is incorporated in Texas, location of its principal place of business per 28 U.S.C. §1332, organized 9/16/18 as an auto repair and related business.

4. Relief is not sought as to Charlton Enterprises [Business], organized 7/18/01 as a Texas auto business by Debtor, which filed Chapter 7 Bankruptcy on 11/8/19, closed 1/28/20, E.D. Tex. Case No. 18-10032, in which Defendants cannot obtain relief as to this case. ***In re Divine***, 538 B.R. 300, 308-09 (Bankr. S.D. Tex. 2015) OTR was undisclosed in the Bankruptcy.

5. Per §1332, the parties are diverse and the sum in controversy exceeds $76,000 such as IOU's damages, fees and interest. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967), ***Groves v. Rogers***, 547 F.2d 900 (5th Cir. 1977), ***Groves v. Rogers***, 547 F.2d 900 (5th Cir. 1977). IOU's

1

damages and/or equitable relief are valued in excess of $76,000. **_Waller v. Prof._**, 296 F.2d 547 (5th Cir. 1961). The Court has jurisdiction over the property at issue. **_Wabash v. Adelbert_**, 208 U.S. 54 (1907). Jurisdiction exists on all claims. **_Exxon v. Allapattah_**, 545 U.S. 546 (2005).

6. Personal jurisdiction exists and is proper per Tex. Civ. Prac. & Rem. Code § 17.001 *et seq* and/or the Constitution as the Defendants reside in and/or conduct business in Texas and/or claim interests in the Texas real property at issue.

7. Under 28 U.S.C. § 1391 and § 124, venue is proper as the Defendants reside in this District; and/or a substantial part of the events or omissions giving rise to the claims occurred here; and/or the property at issue is located in this District; and/or consented to this venue and/or otherwise conduct business here.

8. On 1/16/19, Debtor submitted a Loan Application to IOU's Georgia office website, for a commercial loan [Loan] purportedly for him and Business, but actually for Defendants who knew of, benefitted, consented and ratified the Loan.

9. On 1/17/19 [Closing Date] Debtor executed/approved a Promissory Note for the Business to IOU for a principal sum of $275.000.00, at IOU's Georgia office website, in exchange for Funds of that sum, with a loan guaranty fee, confirming all information, consenting to Georgia law of which Defendants benefitted, consented and ratified

10. The Note is in default by its terms (i) if any amount due pursuant to the Note is not received by IOU when due (ii) Business breaches any warranty, representation, covenant, term or condition of the Note (iii) any default under any guaranty agreement or instrument, existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting, any bankruptcy, insolvency or receivership proceeding is commenced by or against Business and not dismissed within 30 days (iii) Business ceases to exist or (iv) obtains another loan during the

Loan term without IOU's prior written permission. [Note Paragraph 6]

11.     The Note includes a Security Agreement, by which Business and Debtor, recipients of the Funds, encumbered their property, proceeds and assets as collateral for the Loan, upon which IOU relied in approving the Loan, of which Defendants knew, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto. [Note Paragraph 21]

12.     On the Closing Date, Debtor electronically executed a Guaranty of the Note, at IOU's Georgia office website, guaranteeing the Note and Security Agreement, received the Funds, agreed to Georgia law in the Guaranty, of which Defendants knew, consented, benefitted and ratified as co-guarantors.

13. Per the Guaranty, Debtor granted or intended to grant the same security interest in his property, proceeds and assets as Business to guaranty the Note/Security Agreement, of which Defendants ratified, with the same security interest in their property, assets and proceeds.

14. The Guaranty provide for its enforcement if Business defaults on its obligations under the Note and the failure of Debtor to satisfy the obligations.

15. On the Closing Date, Debtor executed a Debit Agreement with Business to IOU, authorizing Loan payments by their account to IOU's Georgia office, certifying its purpose and their account information, of which Defendants knew, consented, benefitted and ratified.

16. On the Closing Date, Debtor approved disbursement of the Funds, by IOU's Georgia office, of which Defendants consented, benefitted and ratified.

17. On the Closing Date, Debtor and Business received the Funds by wire transfer from IOU's FDIC- bank account into their account, of which Defendants benefitted and ratified.

.     18. IOU intended for its Loan as a secured interest in all property, assets and proceeds of the Fund's recipients, such as Defendants, to be repaid the Funds and would not have otherwise advanced the Funds under the Guaranty, Note and Agreement.  [Instruments]

19. Debtor and Business breached the Instruments almost immediately after receipt of the Funds of which Defendants benefitted, consented and ratified.

20. Debtor and Business did not intend to repay the Funds, a fact they did not disclose to IOU, who acted as agents of each other in relation to the Funds and the Loan of which Defendants knew, benefitted, consented and ratified.

21. Debtor and Business were unable or unwilling to repay the Loan, before its origination, of which Defendants benefitted, consented and ratified.

22. Defendants are both liable for the Loan and Instruments, by fulfillment of at least one of the below events; who namely:

(a) Acted as agents for each other such as obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b) Operate as or are a partnership, for their same, related business; Business/OTR in which they share the benefits and liabilities including the Funds.

(c) Owned/operated Business/OTR as their alter-ego, disregarding them as separate entities, using them as conduits/instrumentalities for their personal affairs, obtaining the Funds and avoiding the Loan, which share and co-mingle their assets, finances, ownership and offices.

(d) Business/OTR lacked an existence separate from Defendants, per their unified interest or ownership, a mere subterfuge to avoid IOU's debt, whose form should be justly disregarded and pierced, with full liability imposed upon them.

(e) Defendants conspired to fraudulently and wrongfully hinder and impede IOU's enforcement of the Loan further detailed below.

(f) Defendants assumed the debts and liabilities at issue, the Loan, the Instruments and IOU's claims, the successors of Business and have a debtor-creditor relationship with IOU.

(g) Defendants merged QTR with the Business, fraudulently attempted to avoid the Loan and/or QTR is a mere continuation of the Business.

23. IOU's Instruments attached to Defendants' property, assets and proceeds, such as:

(a) 3412 Buckingham Lane, Highland Village, TX 75077, Lot 2, Block 1, Castlewood Section Four-I, per Denton County Deed RP 5266/3007, Parcel Id No. R224955 jointly titled to Debtor and Defendant ELC, from which Business and QTR are organized and/or operated, where Debtor and ELC reside. [Property]

(b)  Any UUC-1 by IOU on the Loans, to which all other property, assets, proceeds and interests of the Defendants are subject.

(c)  Any property, assets and proceeds secured by Prior Loans satisfied by the Loan, such as IOU Loan No. 107297, for $270,000, closed 8/20/19, (b) which satisfied IOU Loan No. 103206, for $157,500.00, closed 5/31/18 (c) IOU is subrogated into the Prior Loans.

(d)  Any Loan Funds used to benefit OTR, organized prior to the Loan, such as funding its operations, which received a business permit and opened by August 2019. OTR was undisclosed in the Bankruptcy and otherwise concealed by Defendants from IOU.

(e)  Any Loan Funds used to benefit ELC, such as funding their divorce settlement in Denton District Court Case No. 7-3231-431, transferred to that Court on 1/10/19, resulting in a support decree by ELC against Debtor, filed 5/29/19, just before and after the Closing Date.

(f)  The Loan apparently benefited OTR and/or ELC as Debtor terminated Loan Payments in May 2019 and the Loan Funds are not reflected in the Bankruptcy documents, showing the Business was an empty shell by that time.

24.  Defendants did or conspired to make false, misleading representations or material omissions to IOU, through Debtor/Business, who negligently, knowingly misrepresented and/or failed to disclose to IOU (a) they fraudulently procured the Loan, inducing IOU to provide the Funds per the Instruments, which they did not intend to or could not perform per the undisclosed purposes and substantial liabilities (b) concealed their involvement in the Loan (c) misrepresented and omitted Debtor's pending divorce and operation of OPT for which the Funds were to be actually used, are secured upon all property assets and proceeds of Defendants including the Property, which they are estopped from disputing, including any alleged homestead exemption, (d) intended to defraud, delay or hinder enforcement of the Loan such as lying to IOU about the soon

6

to be dissolved Business, including from May-July 2019 through their attorney that the debt would be resolved and Business needed a forbearance but instead dissolved the Business in the alleged no-asset Bankruptcy (f) concealing and lying about QTR and its involvement with Business and the Loan, causing IOU not to pursue the debt thereafter.

25. IOU justifiably and reasonably relied on the false representations or omissions of Defendants in the Loan process and Instruments, inducing and causing IOU to wire the Funds to them, not executed and secured by all Defendants, their properties, assets and proceeds.

26. IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

27. Defendants breached the Instruments, violated their terms, now in default and did not satisfy the Claims, IOU accelerated the Loan balance.

28. Defendants fraudulently induced/encouraged IOU to confer the Funds on them and close the Loan of which they knew, benefitted, consented and ratified.

29. IOU provided the Funds to Defendants directly and/or to their agents, expecting repayment, which they knew, appreciated, consented and ratified.

30. Defendants knew of, accepted and retained the Funds, which they did not reject, which they should return or compensate, who are otherwise unjustly enriched by the Funds at IOU's expense, retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended interest(s) in them.

31. Defendants are indebted to IOU for the Funds, attorney's fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

32. Defendants are liable for each other's acts and/or omissions as partners; servants and/or agents, by command, prosecution of, in the scope of their relationship, by which they jointly benefitted and/or ratified.

33. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

**COUNT I: DECLARATORY, EQUITABLE AND
RELATED RELIEF AS TO ALL DEFENDANTS**

34. ¶ 8-33 and ¶ 50 are incorporated.

35. Defendants are jointly liable for the Funds, whose property, assets and proceeds, are subject to the Instruments, procured by the conspiracy, which they wrongfully seek to evade.

36. The misconduct of Defendants caused wrongful omission of them, their property, assets and proceeds from the Instruments, who fraudulently induced IOU to make the Loan, to which they are subject.

37. The misconduct of Defendants permits them to wrongfully retain the Funds at IOU's expense, with their property, assets and proceeds, absent IOU's intended secured interests in them, for which IOU has no adequate legal remedy.

38. The Instruments are intended to bind all recipients and beneficiaries of the Funds, the Defendants, whose property, assets and proceeds are to secure the Loan, of which they knew, consented to, benefitted from and ratified, such as receiving and retaining the Funds.

39. The Instruments are intended as and constitute a security interest in all property, proceeds and assets of Defendants, reasonably identified and described as collateral, subrogated into the prior Loans, of which they knew, consented, benefitted and ratified.

40. Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare, establish and reform its Instruments to jointly bind Defendants, which are a security interest in

their property, assets and proceeds, which are subrogated into the Prior Loans, awarding its attorney's fees and costs and all just relief.

### COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

41. ¶ 8-33 and ¶ 40 are incorporated.

42. Defendants knew of, consented to, benefitted from, ratified and/or guaranteed the Instruments, accepting the Funds, liable on them as co-guarantors.

43. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

44. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice, such as by this suit, or was not required or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

45. Defendants are notified IOU is may enforce and invoke the fees provisions of the Instruments against them, who will be indebted for IOU's fees/costs, unless all principal, interest and charges due under IOU's Instruments are paid within 10 days after service of this Complaint.

46. IOU demands judgment against Defendants for damages under the Instruments in the principal sum of at least $76,000.00, attorney's fees, interest, costs and all just relief.

### COUNT III: BREACH OF FIDUCIARY DUTY OF TRUST TO CREDITOR AND RELATED RELIEF AS TO DEFENDANTS

47. ¶ 4, ¶ 8-33, ¶ 64-65 are incorporated.

48. Debtor rendered Business insolvent, fraudulently procuring debt it could not repay, looting its property, assets and proceeds, dissolved without resolving the debts.

49. Debtor owed fiduciary duties to creditors of the Business, such as IOU, as manager/owner/officer of the Business to conserve and manage its property, assets and proceeds

in trust for the benefit of its creditors, such as IOU, at least after its insolvency, which he was not convert or give away, precluding collection of IOU's debt, to benefit himself at IOU's expense.

50. Debtor breached his fiduciary duties to IOU by converting and misusing the property, assets and proceeds of Business after its insolvency to preferentially benefit himself, in bad faith to (a) pay his worthless salary from them (b) to open and operate OTR (c) conduct his divorce settlement with ELC (d) in violation of the Instruments, constituting (e) fraudulent transfers per Tex. Bus. & Com Code § 24.005, to hinder, delay or defraud IOU in enforcing its Loan (f) constructively fraudulent transfers per Tex. Bus. & Com Code § 24.006, leaving Business a gutted shell incapable of satisfying its debts, such as the Loan.

51. Debtor's misconduct damaged IOU, wrongfully precluding satisfaction of the Loan by Business, whose misuse and conversion of its property, assets and proceeds impaired IOU's Security Agreement in them from which the Defendants benefitted.

52. The other Defendants aided and abetted Debtor's breach of fiduciary duty, and related misconduct by theirs, knowingly participating in their misuse of Business's property, assets and proceeds for their benefit, which they ratified and are liable.

53. The misconduct of Defendants was fraudulent, malicious and grossly negligent, requiring relief to punish and penalize them and deter future misconduct.

54. Per Tex. Bus. & Com. Code § 24.001 *et seq*, Tex. Civ. Prac. & Rem. Code § 41.001 *et seq* and applicable law, IOU demands compensatory, consequential, special, nominal and exemplary damages as to Defendants for their torts, fees, costs, its equitable relief and just relief.

### COUNT IV: QUANTUM MERUIT/UNJUST ENRICHMENT
### AND RELATED RELIEF AS TO DEFENDANTS

55.  ¶ 8-33 are incorporated.

56.  Defendants induced and/or encouraged IOU to confer the Funds upon them through Debtor, of which they knew, benefitted, consented and ratified.

57.  IOU provided the Funds to Defendants through Debtor/Business, expecting their repayment, which they knew, benefitted, consented and ratified.

58.  Defendants knew of and accepted the Funds which should be repaid, who are otherwise unjustly enriched by them at IOU's expense.

59.  Defendants are indebted to IOU for the Funds, interest and costs.

60.  IOU demands judgment against Defendants for the unpaid balance of the Funds, for at least $76,000.00, plus interest and costs and all just relief.

### COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE
### AND RELATED RELIEF AS TO ALL DEFENDANTS

61.  ¶ 8-33 and ¶ 50 are incorporated.

62.  The property, assets and proceeds of Debtor and Business were to secure the Loan per the Security Agreement, who induced IOU into funding the Loan, to which they consented and ratified by retaining the Funds, without intending to satisfy the Loan, breaching the fiduciary duty, with their fraud, breach of fiduciary duty or aiding and abetting that misconduct.

63.  Defendants knew of, accepted and retained the Funds as secured debt, who wrongfully retain their property, assets and proceeds, absent IOU's intended secured interest in them for which IOU has no adequate remedy.

64.  An equitable lien and/or mortgage to secure IOU's current debt is intended and implied on the property, assets and proceeds of Defendants to remedy their misconduct.

65.  Per 28 U.S.C. § 2201 *et seq*, and applicable law, IOU requests the Court declare and impose an equitable lien/mortgage on all property, assets and proceeds of Defendants, securing its Instruments, relating back to their execution, awarding all just relief.

### COUNT VI: CONSTRUCTIVE TRUST AND RELATED RELIEF AS TO ALL DEFENDANTS

66.  ¶ 8-33 and ¶ 50 are incorporated.

67.  The property, assets and proceeds of Defendants were to secure the Loan, per the Instruments, who consented to and ratified the Loan, but wrongfully preclude its performance with their fraud, breach of fiduciary duty or aiding and abetting that misconduct.

68.  Defendants knew of, accepted and retained the Funds but are unjustly enriched at IOU's expense by wrongfully retaining their property, assets and proceeds, absent IOU's interest(s) in them to which IOU has no adequate remedy.

69.  A constructive trust to satisfy the Instruments is implied upon on all property, assets and proceeds of Defendants, to remedy their misconduct and avert unjustly enriching them, in which they can enjoy no beneficial interest contrary to principles of equity.

70.  Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and proceeds of Defendants, securing its Instruments, relating back to their execution, awarding all just relief.

71.  The individual Defendant(s) are not minor(s) or adjudged incompetent, not in the military for the last 30 days and not subject to 50 U.S.C. §3901 *et*

Respectfully submitted this 8th day of September 2020.

    By: */s/Paul G. Wersant*
       Paul G. Wersant
       ED of TX Bar No. 748341
       3245 Peachtree Parkway, Suite D-245
       Suwanee, Georgia 30024
       Telephone: (678) 894-5876
       Email: pwersant@gmail.com
       Attorney for Plaintiff
       File No. 118658