UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC. | § § | |
| v. | § § | CIVIL NO. 4:20-CV-676-SDJ |
| QUICK TURN RECON, INC., ET AL. | § § | |

## ORDER

Before the Court is a Motion to Set Aside and Vacate Default Judgment, (Dkt. #11) ("the Motion"),[1] by Defendants Quick Turn Recon, Inc. ("Quick Turn"), Gary Alan Charlton, and Elizabeth Legg Charlton ("the Charltons"). The Court, having reviewed the Motion, the record, and the applicable law, hereby **GRANTS** Defendants' motion, (Dkt. #11), to set aside and vacate the default entered by the clerk.

### I. BACKGROUND

Plaintiff IOU Central, Inc. filed suit in this Court on September 9, 2020, and purported to serve the Complaint upon Defendants on September 11, 2020. (Dkt. #5, #6, #7). However, Plaintiff's agent physically served only Elizabeth Legg Charlton. (Dkt. #7). Plaintiff's agent purported to serve Quick Turn Recon, Inc. directly by serving Ms. Charlton, whom Plaintiff labeled an "Officer/R.A." of the corporation.

---

[1] In their motion to vacate and set aside the clerk's entry of default, Defendants incorrectly refer in the Motion's title to the clerk's entry of default as a "default judgment." As this Order explains, and pursuant to Federal Rule of Civil Procedure 55, "default" is distinct from "default judgment." In this Order, the former—and not the latter—is squarely at issue.

1

(Dkt. #5). Plaintiff served Gary Alan Charlton only by way of substitute service through Ms. Charlton. (Dkt. #6).

After purported service of process on September 11, 2020, twenty-one days elapsed without an answer by any of Defendants. On October 6, 2020, and upon Plaintiff's request, (Dkt. #8), the clerk of this Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a), (Dkt. #9). Defendants filed their Answer on October 15, 2020, (Dkt. #10), and submitted the motion to vacate the clerk's entry of default, (Dkt. #11), on October 22, 2020.

The Motion observes that the Complaint was physically served only upon one named Defendant, Elizabeth Legg Charlton, who no longer resides with her ex-husband and co-Defendant Gary Charlton and who allegedly "was not involved in her ex-husband's business entities." (Dkt. #11 ¶ 4). Ms. Charlton was allegedly unsure of why she was served and purportedly did not deliver the Complaint to the other Defendants for weeks. (Dkt. #11 ¶ 4). Upon receiving the Complaint, the other two Defendants soon thereafter filed their Answer, (Dkt. #10), and a motion to set aside the clerk's entry of default. (Dkt. #11 ¶ 5). Hence, the Motion asserts, Plaintiff's service of process was not "reasonably calculated" to reach Defendants, and thus caused the delay in Defendants' filing. *See* (Dkt. #11 ¶¶ 3–5).

Defendants have not filed a motion for leave to file the untimely Answer. Additionally, Plaintiff has neither filed a motion for default judgment nor submitted a response to Defendants' Motion to Vacate, (Dkt. #11). Pursuant to Local Rule CV-7(e), a party is permitted fourteen days to respond to a motion (other than summary-

judgment motions, for which twenty-one days are permitted). More than fourteen days have elapsed since Defendants filed the motion to vacate with this Court. *See* (Dkt. #11).

## II. LEGAL STANDARD

For the Court to set aside the clerk's entry of default, Defendants must show good cause. FED. R. CIV. P. 55(c). The Fifth Circuit has interpreted "good cause" to be a liberal standard, *Amberg v. Fed. Deposit Ins. Corp.,* 934 F.2d 681, 685 (5th Cir. 1991), requiring the defaulting party to demonstrate the presence of such factors as an unwilful failure to act through excusable neglect, a lack of prejudice towards the non-defaulting party if the default is set aside, and the presence of a meritorious defense. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales,* 346 F.3d 552, 563 (5th Cir. 2003); *see also Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive but serve simply as a means to identify good cause. *Effjohn,* 346 F.3d at 563 (citing *Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.* The Fifth Circuit has identified only one such factor, willful default, as conclusively defeating a motion to vacate. *Lacy*, 227 F.3d at 292.

Plaintiff has not yet moved the Court to enter default judgment. However, the question of default judgment informs the Court's analysis in deciding whether to set aside the clerk's entry of default. Federal courts, including in this circuit, strongly disfavor default judgments. *See, e.g.*, *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276

(5th Cir.1989)) (noting that "[d]efault judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."); *Lacy*, 227 F.3d at 292 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)) (explaining that "any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.").

## III. DISCUSSION

### A. Defendants' Motion to Set Aside and Vacate Default Judgment is Supported by Good Cause.

Here, nothing in the record reflects a willful failure to act by Defendants. To the contrary, Plaintiff's physically serving only Ms. Charlton, who is no longer married to or living with Mr. Charlton and who allegedly has little or no involvement in the business, supports a finding by the Court of excusable neglect. (Dkt. #5, #6, #7, #11). Additionally, there is no indication that Defendants' thirteen-day delay in filing materially prejudices Plaintiff, and the Court deems such prejudice unlikely. The absence of a response by Plaintiff to Defendants' Motion to Vacate, (Dkt. #11), only further evinces the lack of prejudice to Plaintiff.

As to Defendants' potentially "meritorious defense," Plaintiff alleges that Defendants the Charltons fraudulently procured a loan by not disclosing their divorce or the dissolution of Quick Turn in the loan-application process. (Dkt. #1 ¶ 24). Plaintiff further asserts that Defendants subsequently breached the loan agreement by misusing loaned money and failing to pay back the loan in accordance with the agreement. (Dkt. #1 ¶ 50). In response to these allegations, Defendants argue that

4

they have paid $200,000 of the $270,000 loan.[2] (Dkt. #11 ¶ 6). Defendants also claim not to have used any loan money to fund Quick Turn or the divorce. (Dkt. #11 ¶ 6). If the allegations contained in the motion are true, Defendants have a potentially meritorious defense to Plaintiff's claims.

Given the apparent absence of willfulness in Defendants' delay, the relatively minimal delay in proceedings of thirteen days, the lack of identifiable prejudice to Plaintiff, and Defendants' potentially meritorious defense, the Court GRANTS Defendants' motion to set aside the clerk's entry of default.

**B. Defendants Must Submit a Motion for Leave to File Their Untimely Answer.**

Because the deadline for Defendants to timely file their Answer elapsed before their Answer was filed, *see* FED. R. CIV. P. 12(a)(1)(A)(i), Defendants must file a motion for an extension of time, i.e., for leave to file an untimely answer, in order to have their Answer deemed properly filed. *See* FED. R. CIV. P. 6(b)(1)(B). Motions for leave are often filed concurrently with a motion to set aside a default and are similarly analyzed for excusable neglect. *Id.*

In *Strauss v. Lake City Credit*, this Court granted a motion to set aside the clerk's entry of default, and, in so doing, granted the defendant fourteen days subsequent to the date of the order to file an answer. No. 4:19-CV-620, 2020 WL 4583520, at *1 (E.D. Tex. Aug. 10, 2020). Here, the Court adopts a similar approach

---

[2] IOU Central seeks to recover the remaining balance on the loan plus fees and interest due, which allegedly exceeds $76,000. *See* (Dkt. #1 ¶ 5).

5

concerning Defendants' untimely answer. Defendants shall have fourteen (14) days from the date of this Order to file their motion for leave to file an untimely answer.

### IV. CONCLUSION

The Court hereby **ORDERS** that Defendants' Motion to Set Aside and Vacate Default, (Dkt. #11), is **GRANTED**.

It is further **ORDERED** that the Clerk's Entry of Default, (Dkt. #9), be set aside and vacated.

It is further **ORDERED** that Defendants must submit a motion for leave to file an untimely answer no later than fourteen (14) days from the entry of this Order.

**So ORDERED and SIGNED this 20th day of November, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE